## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **REX COWARD**, Individually and on behalf of all others similarly situated, | Case No.: 20-CV-2331 |
| | Case Type: FLSA Collective/Class |
| Plaintiff, | |
| v. | **ORIGINAL COMPLAINT** (JURY TRIAL DEMANDED) |
| **OPTUM SERVICES, INC., OPTUMRX, INC., OPTUM CARE SERVICES COMPANY**, and **OPTUM CARE, INC.**, | FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B) |
| Defendants. | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

Plaintiff Rex Coward ("Coward") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Optum Services, Inc., OptumRx, Inc., Optum Care Services Company, and/or Optum Care, Inc. (collectively "Defendants"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and Florida common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Florida state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of Florida, and FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

2.     Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants either in call centers or from home, anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3.     Specifically, Defendants have enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees[1]—Plaintiff

---

[1] Call-center employees means all hourly, non-exempt employees who performed their work for

and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.  Defendants' illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.  Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.  Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7.  Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Florida state law.

---

Defendants through a computer, handling customer phone calls, emails, and/or chat support at Defendants' call centers or from home.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight-time and other damages owed under the Florida state-law claim as a Rule 23 class action.

9.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.      Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Coward be named as the Class Representative of the Florida Common-Law Class.

## II.
## THE PARTIES

11.      Plaintiff Rex Coward ("Coward") was employed by Defendants in Orlando, Florida during the relevant time period. Plaintiff Coward did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[2]  The written consent of Rex Coward is hereby attached as Exhibit "A."

12.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by Defendants, anywhere in the United States, at any time from September 1, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13.     The Florida Common Law Class Members are those current and former hourly call-center employees who were employed by Defendants, in Florida, at any time from September 1, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Coward worked and was paid.

14.     Defendant Optum Services, Inc. ("Optum Services") is an Foreign For-Profit Corporation, licensed to and doing business in the State of Minnesota, and may be served with process through its registered agent for service of process: **C T Corporations System, Inc., 1010 Dale St. N, St. Paul, Minnesota 55117-5603.**

15.     **Defendant** OptumRx, Inc. ("OptumRx") is a Foreign For-Profit Corporation, licensed to and doing business in the State of Minnesota, and may be served with process through its registered agent for service of process: **C T Corporations System, Inc., 1010 Dale St. N, St. Paul, Minnesota 55117-5603.**

16.     **Defendant** Optum Care Services Company ("Optum Care Services") is a Foreign For-Profit Corporation, licensed to and doing business in the State of Minnesota, and may be served with process through its registered agent for service of process: **C T Corporations System, Inc., 1010 Dale St. N, St. Paul, Minnesota 55117-5603.**

17.     **Defendant** Optum Care, Inc. ("Optum Care") is a Foreign For-Profit Corporation, licensed to and doing business in the State of Minnesota, and may be served with process through its registered agent for service of process: **C T Corporations System, Inc., 1010 Dale St. N, St. Paul, Minnesota 55117-5603.**

18.     **Defendants** are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

19.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

20.     This Court has supplemental jurisdiction over the additional Florida state-law claim pursuant to 28 U.S.C. § 1367.

21.     This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District and Division.

22.     Venue is proper in the District of Minnesota because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

23.     Specifically, Defendants' corporate headquarters are located in Eden Prairie, Minnesota, which is located in this District and Division.

24.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

25.     Optum is a global provider of health care solutions to individual, business, and provider customers.[3]

26.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

---

[3] https://www.optum.com/about-us.html

27.     Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

28.     Specifically, Defendants maintain a singular shared Human Resource ("HR") department that sets Plaintiff and the Putative Class Members rates and methods of payment across all four Defendants organizations.

29.     Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

30.     Specifically, Defendants maintain a singular shared corporate training program that not only created the FLSA violating policies at issue in this matter but also trained every Putative Class Member to abide by those policies.

31.     Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

32.     Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

33.     Defendants shared the services of Plaintiff and the Putative Class Members. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

34.     Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

35.     Moreover, all Defendants have the power to hire and fire Plaintiff and the Putative Class Members, supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment, determine their rate and method of payment, and maintain their employment records.

36.     Specifically, Defendants shared HR department chose the rates and methods of payment for each putative class members and maintains all Putative Class Members employment records.

37.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

38.   To assist its clients, Defendants employ thousands of hourly call-center employees—Plaintiff and the Putative Class Members—who assist Defendants customers and clients.

39.   Plaintiff and Putative Class Members worked for (and continue to work for) Defendants both from home and in call centers owned and operated by Defendants throughout the United States.

40.   Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Defendants' customers, answering customer/client inquiries, fulfilling orders, accepting payments, selling business products, and generally assisting customers/clients.

41.   Plaintiff Coward was employed by Defendants in customer service in Orlando, Florida from approximately September 2018 until May 2019.

42.   Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

43.   Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

44.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members regularly worked one (1) to two (2) hours "off-the-clock" per week and have not been compensated for that time.

45.     Although Plaintiff and the Putative Class Members are in charge of recording their own hours in Defendants' time keeping system, Plaintiff and the Putative Class Members were trained by Defendants to only record their official shift start, and shift end time even if they were forced to work outside those times.

46.     Further, Defendants taught and required Plaintiff and the Putative Class Members to work outside their scheduled shift start and shift end times, performing a pre-shift boot up process and performing a post shift boot down process all while "off-the-clock."

### Unpaid Start-Up Time

47.     Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Defendants as a result of Defendants' corporate policy and practice of requiring their hourly call-center employees to prepare their computer and programs prior to their shift start time.

48.     Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails/alerts, open multiple

different computer programs, log in to each program, and ensure that each program is running correctly—all of which can anywhere from five (5) to twenty (20) minutes—before their shift start time.

49.     According to Defendants' corporate policies, Plaintiff and the Putative Class Members are not allowed to clock in prior to their shift start time.

50.     If Plaintiff and the Putative Class Members are not ready and on the phone at their shift start time, they can be (and often are) subject to discipline.

51.     If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

52.     Therefore, the only way a Putative Class Member can be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

53.     During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### *Unpaid Technical Downtime*

54.     Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

55.     Plaintiff and the Putative Class Members were not compensated for the time they worked for Defendants rebooting Defendants' computers after they crashed or experienced other technical difficulties.

### Unpaid Shut Down Time

56.     Plaintiff and the Putative Class Members were (and still are) required to carefully log out of each of Defendants' programs, and fully shut down their computer after their shift end time.

57.     Defendants trained Plaintiff and the Putative Class Members to clock out after their last call, and then perform a specific computer shut down process, which could take anywhere from three (3) to five (5) minutes each day.

58.     Should Plaintiff and the Putative Class Members not perform Defendants' specific shut down process, the computer would be far more likely to experience technical difficulties the next day when booted up.

59.    If Plaintiff and the Putative Class Member recorded the time they spent on the post-shift shut down process, they would accrue unauthorized overtime and be subject to discipline.

60.    Therefore, Defendants do not pay Plaintiff and the Putative Class Members for their post-shift shut down.

61.    As a result of Defendants' corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, to perform their computer shut down tasks after the end of their shift, and refusing to pay Plaintiff and the Putative Class Members for time spent troubleshooting technical problems, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

62.    Defendants have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

63.    Defendants are aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

64.     Because Defendants did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violate the FLSA.

65.     Because Defendants did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, Defendants' pay policies and practices also violate the state laws of Florida.

## V.
## CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

66.     Paragraphs 1–65 are fully incorporated herein.

## A.     FLSA COVERAGE

67.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY OPTUM SERVICES, INC., OPTUMRX, INC., OPTUM CARE SERVICES, INC., AND/OR OPTUM CARE, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM SEPTEMBER 1, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

68.     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

69.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

70.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

71.     Defendants employed (and continue to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

72.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of

goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

73.    Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of Defendants who assisted Defendants' customers who live throughout the United States. 29 U.S.C. § 203(j).

74.    At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

75.    In violating the FLSA, Defendants acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

76.    The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 67.

77.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

78.     Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

79.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

80.     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

81.     Defendants knew or should have known their pay practices were in violation of the FLSA.

82.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

83.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them in accordance with the law.

84.     The decision and practice by Defendants to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

85.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

86.     All previous paragraphs are incorporated as though fully set forth herein.

87.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with

regard to the work they performed and the manner in which they have not been paid.

88.     Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

89.     The FLSA Collective is defined in Paragraph 67.

90.     Defendants' failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

91.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

92.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

93.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

94.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

95.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their systematic violations.

96.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

97.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 67 and notice should be promptly sent to putative class members.

## COUNT TWO
**(Class Action Alleging Violations of Florida Common Law)**

**A.     VIOLATIONS OF Florida COMMON LAW**

98.     Paragraphs 1–97 are fully incorporated herein.

99.     Plaintiff Coward further brings this action pursuant to the Florida common law equitable theory of unjust enrichment and *quantum meruit*. *See*

*Fernandez v. City of Fruitland Park*, No. 5:16-cv-326, 2016 WL 8329400, at *8 (M.D. Fla Dec. 6, 2016).

100.    The Florida Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY OPTUM SERVICES, INC., OPTUMRX, INC., OPTUM CARE SERVICES COMPANY, OPTUM CARE, INC. ANYWHERE IN THE STATE OF FLORIDA, AT ANY TIME FROM SEPTEMBER 1, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Florida Class Members").**

101.    Plaintiff Coward and the Florida Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

102.    These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.

103.    Plaintiff Coward and the Florida Class Members conferred a valuable benefit on Defendants because they provided services to Defendants before and after their shifts—during their respective computer start-up times and after their shifts ended—without compensation.

104.    Defendants were aware that Plaintiff Coward and the Florida Class Members worked through their respective computer start-up times and after their shifts ended without compensation and further, caused them to continue to work

through their respective computer start-up times and after their shifts ended while off the clock and without pay.

105.    Defendants accepted or retained the benefit conferred by Plaintiff and the Florida Class Members.

106.    Plaintiff Coward and the Florida Class Members conferred this benefit to Defendants at their own expense, that is they worked for several hours to the benefit of Defendants without pay.

107.    Further it would be unjust to allow Defendants to retain the benefit conferred by Plaintiff Coward and the Florida Class Members under these circumstances.

108.    Defendants have therefore benefited from services rendered by Plaintiff Coward and the Florida Class Members and it is inequitable for Defendants to retain the benefit of Plaintiff Coward and the Florida Class Members' services without paying fair value for them.

## B.    CLASS ACTION ALLEGATIONS

109.    Plaintiff Coward and the Florida Class Members bring their Florida Claim as a class action pursuant to Rule 23 on behalf of all similarly situated

individuals employed by Defendants who worked in Florida at any time from September 1, 2016 through the present. *See* FLA. STAT. § 95.11(3)(k).

110.    Class action treatment of Plaintiff Coward and the Florida Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

111.    The number of Florida Class Members is so numerous that joinder of all class members is impracticable.

112.    Plaintiff Coward is a member of the Florida Class and his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

113.    Plaintiff Coward and his counsel will fairly and adequately represent the class members and their interests.

114.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

115.   Accordingly, the Florida Class should be certified as defined in Paragraph 100.

## VI.
## RELIEF SOUGHT

116.   Plaintiff respectfully prays for judgment against Defendants as follows:

a.   For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 67 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.   For an Order certifying the Florida Common-Law Class as defined in Paragraph 100, and designating Plaintiff Coward as Class Representative of the Florida Common-Law Class;

c.   For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA

Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      e.      For an Order pursuant to Florida Common Law awarding Plaintiff Coward and the Florida Class Members unpaid straight time wages and other damages allowed by law;

      f.      For an Order awarding the costs and expenses of this action;

      g.      For an Order awarding attorneys' fees;

      h.      For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Coward a service award as permitted by law;

      j.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

      k.      For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA and Florida state law, and requiring Defendants to comply with such laws going forward; and

l.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:  November 16, 2020          Respectfully submitted,

By: /s/Joshua A. Newville                               

**ANDERSON ALEXANDER, PLLC**
Clif Alexander (pro hac vice application pending)
    Texas Bar No. 24064805
    clif@a2xlaw.com
Austin Anderson (pro hac vice application pending)
    Texas Bar No. 24045189
    austin@a2xlaw.com
Carter Hastings (pro hac vice application pending)
    Texas Bar No. 24101879
    carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**MADIA LAW LLC**
Joshua A. Newville (local counsel)
    Minnesota Bar No. 0395221
    newville@madialaw.com
323 Washington Ave. N., #200
Minneapolis, Minnesota 55401
Telephone: (612) 349-2743
Facsimile: (612) 235-3357

*Attorneys in Charge for Plaintiff and Putative Class Members*